UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE LLC, | No. C-13-03587 DMR |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO RELATE CASES** |
| v. | |
| YELP INC, | |
| Defendant(s). _____/ | |

Before the court is a motion by Plaintiff Evolutionary Intelligence LLC ("Plaintiff") to relate eight cases pending in this district to the above-captioned case. [Docket No. 78.] Defendant Yelp Inc. ("Yelp") has filed a statement of non-opposition to the motion.[1] [Docket No. 81.] The matter is appropriate for resolution pursuant to Civil Local Rule 7-11(c). For the reasons stated below, the motion is **denied.**

**I. BACKGROUND**

Under consideration are eight lawsuits in addition to the instant case originally filed by Plaintiff against different defendants in the Eastern District of Texas:

*Evolutionary Intelligence LLC v. Apple Inc.*, Case No. 3:13-cv-4201-WHA;

---

[1] The court notes that in the present action, both parties have consented to proceed before a magistrate judge for all further proceedings in the case, including trial and the order of entry of a final judgment, pursuant to 28 U.S.C. §636(c).

*Evolutionary Intelligence LLC v. Facebook, Inc.*, Case No. 3:13-cv-4202-JSC;

*Evolutionary Intelligence LLC v. FourSquare Labs, Inc.*, Case No. 3:13-cv-4203-EDL;

*Evolutionary Intelligence LLC v. Groupon, Inc*., Case No. 3:13-cv-4204-LB;

*Evolutionary Intelligence LLC v. LivingSocial, Inc.*, Case No. 3:13-cv-4205-EDL;

*Evolutionary Intelligence LLC v. Millennial Media, Inc.*, Case No. 5:13-cv-4206-HRL;

*Evolutionary Intelligence LLC v. Twitter, Inc.*, Case No. 4:13-cv-4207-KAW; and

*Evolutionary Intelligence LLC v. Sprint Nextel Corp. et al.*, Case No. 3:13-cv-4513-JCS.

Each of these cases concern the alleged infringement of U.S. Patent Nos. 7,010,536 and 7,702,682.

On January 15, 2013, all of the above cases were transferred to Judge Schneider in the Eastern District of Texas pursuant to General Orders regarding case assignment ratios in that district. The cases were not related to one another. *See* Docket No. 21; E.D. Tex. General Order 13-2. All of the above cases were subsequently transferred to the Northern District of California and randomly assigned to different judges.

## II. DISCUSSION

An action is related to another when (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civ. L.R. 3-12(a). The local rules require party filing an administrative motion to consider whether cases should be related to serve a copy of the motion and proof of service on all known parties to each apparently related action. Civ. L.R. 3-12(b).[2]

The cases do not concern the same "parties, property, transaction or event." Each case concerns a different defendant and accuses different products or services. *See* Compl. [Docket No. 1] at ¶¶ 10, 14 (alleging that Yelp infringes the patents by making its Yelp online urban city guide and business review product and service); *Apple*, Case No. 3:13-cv-4201-WHA, Docket No. 27 at ¶¶ 9, 13 (alleging that Apple infringes the patents by making its iOS mobile operating system and

---

[2] Plaintiff has apparently failed to meet this requirement. *See* Apple Opp. [Docket No. 79] at 2 (Plaintiff did not serve the motion and a proof of service on Apple).

2

compatible devices); *Facebook*, Case No. 3:13-cv-4202-JSC, Docket No. 9 at ¶¶ 9, 13 (alleging that Facebook infringes the patents by making its Facebook social networking and advertising product and service); *FourSquare Labs*, Case No. 3:13-cv-4203-EDL, Docket No. 9 at ¶¶ 9, 13 (alleging that Foursquare infringes the patents by making its Foursquare mobile device application and merchant platform); *Groupon*, Case No. 3:13-cv-4204-LB, Docket No. 26 at ¶¶ 9, 14 (alleging that Groupon infringes the patents by making its Groupon location-based coupon product and service); *LivingSocial*, Case No. 3:13-cv-4205-EDL, Docket No. 1 at ¶¶ 9, 14 (alleging that LivingSocial infringes the patents by making its location-based coupon product and service); *Millennial Media*, Case No. 5:13-cv-4206-HRL, Docket No. 1 at ¶¶ 9, 14 (alleging that Millennial Media infringes the patents by making its mMedia and MYDAS mobile advertising products and services)*Twitter*, Case No. 4:13-cv-4207-KAW, Docket No. 1 at ¶¶ 9, 14 (alleging that Twitter infringes the patents by making its Twitter real-time information network product and service); *Sprint Nextel Corp.*, Case No. 3:13-cv-4513-JCS, Docket No. 26 at ¶¶ 9, 14 (alleging that Sprint infringes the patents by making its Sprint CDMA and 4G networks and Sprint Services Framework). There are no allegations that these defendants or products are related in any way.

      Furthermore, Plaintiff has not addressed whether it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. As noted, each of these cases concerns different defendants with different products or services. The bulk of the relevant evidence in patent cases comes from defendants accused of infringement, which will be unique to each defendant. Each case will therefore require a unique inquiry to assess infringement and damages. As a result, "although some validity and inequitable conduct issues would overlap, there would be a plethora of different infringement and damage[s] issues." *Bender v. Exar Corp.*, Case No. 3:09-cv-1140-WHA, Docket No. 45 (N.D. Cal. Aug. 3, 2009) at 1. Because of these differences, it is unlikely that relation would avoid duplication of labor and expense or conflicting results.

      Accordingly, the motion to relate the above cases is **denied.**

      Yelp has stated its non-opposition to "having pre-trial proceedings in all (or some subset of) the cases identified in [the motion] proceed before this court or the Honorable Judge Alsup."

Docket No. 81 at 1. There is precedent in this district for consolidated pre-trial proceedings in unrelated cases regarding the same patents proceeding before different judges. *See Bender*, Case No. 3:09-cv-1140-WHA, Docket No. 45 at 1 (declining to relate 24 cases brought by same plaintiff against different defendants with different products, but permitting parties in all cases to stipulate to the court holding coordinated claim construction and invalidity proceedings with the consent of the assigned judge). However, consolidated proceedings would require additional coordination with and consent of the parties in the other cases, which is not ascertainable at this time. The question of coordination may be revisited once the judicial assignments of all of these matters is fully settled.

IT IS SO ORDERED.

Dated: October 8, 2013

DONNA M. RYU
United States Magistrate Judge