Matthew J. Brigham
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone:  (650) 843-5000
Fax:      (650) 857-0663
mbrigham@cooley.com

Christopher C. Campbell (*pro hac vice*)
Nathan K. Cummings (*pro hac vice*)
COOLEY LLP
One Freedom Square – Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Tel:  703 456-8000
Fax: 703 456-8100
ccampbell@cooley.com
ncummings@cooley.com

Attorneys for Defendant
MILLENNIAL MEDIA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUTIONARY INTELLIGENCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MILLENNIAL MEDIA, INC.,<br><br>Defendant. | Case No.: 5:13-cv-4206-EJD<br><br>**MILLENNIAL MEDIA'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>DATE:  MARCH 7, 2014<br>TIME: 9:00 A.M.<br>JUDGE:   HON. EDWARD J. DAVILA<br>CTRM:    4, 5TH FLOOR |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1
II. STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2
III. BACKGROUND ................................................................................................................... 2
    A. Evolutionary's Lawsuit Against Millennial ............................................................. 2
    B. Overview of IPR Proceedings ................................................................................. 3
    C. The Asserted Patents and Pending IPRs .................................................................. 4
    D. Stays of Co-pending Evolutionary Litigation .......................................................... 5
IV. LEGAL STANDARD ........................................................................................................... 6
V. ARGUMENT ......................................................................................................................... 7
    A. The Stage of This Case Favors a Stay ..................................................................... 7
    B. Inter Partes Review Will Simplify the Issues for Trial ........................................... 8
    C. A Stay Will Not Unduly Prejudice Evolutionary ................................................... 10
VI. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*ASCII Corp. v. STD Entertainment USA, Inc.*,
   844 F. Supp. 1378 (N.D. Cal. 1994) .............................................................................. 6, 7, 8

*AT&T Intellectual Property I v. Tivo, Inc.*,
   774 F. Supp. 2d 1049 (N.D. Cal. 2011) ................................................................................ 8

*Broadcast Innovation, LLC v. Charter Communications, Inc.*,
   No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623 (D. Colo. July 11, 2006) ........... 11

*Convergence Techs. (USA), LLC v. Microloops Corp.*,
   No. 5:10-cv-02051 EJD, 2012 WL1232187 (N.D. Cal. Apr. 12, 2012) ............................ 6, 11

*Droplets, Inc. v. Yahoo! Inc.*,
   Nos. 12-cv-03733-JST, -04049, 2013 WL 5116002 (N.D. Cal. Sept. 13, 2013)...................... 6

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
   Nos. 3-13-cv-04202, -4204, 2014 U.S. Dist. LEXIS 9149 (N.D. Cal Jan. 23, 2014).2, 5, 6, 8, 10

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
   No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547 (N.D. Cal. Dec. 18, 2013)…2, 5, 10, 11

*Evolutionary Intelligence, LLC v. Apple, Inc.*,
   Case No. 3-13-cv-04201-WHA, 2014 U.S. Dist. LEXIS 2763 (N.D. Cal. Jan. 9, 2014) . 2, 5, 6

*Evolutionary Intelligence, LLC v. Foursquare Labs, Inc.*,
   Case No. 3-13-cv-04203-MMC (N.D. Cal.) ..................................................................... 2, 5

*Evolutionary Intelligence, LLC v. LivingSocial, Inc.*,
   No. 3-13-cv-04205-WHO, 2014 U.S. Dist. LEXIS 6804 (N.D. Cal. Jan. 17, 2014)............ 2, 5

*Fresenius USA, Inc. v. Baxter International, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) .......................................................................................... 8, 9

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................... 8

*Internet Patents Corp. v. eBags, Inc.*,
   No. C 12-03385 SBA, 2013 U.S. Dist. LEXIS 122868 (N.D. Cal. Aug. 28, 2013) ............. 7, 8

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   No. C 05-03116 JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) ....................................... 8

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   Case No. 1:12-cv-01744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .......................... 11

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Photoflex Prods., Inc. v. Circa 3 LLC*,
  No. C 04-03715 JSW, 2006 WL 1440363 (N.D. Cal. May 24, 2006) ..................................... 6

*Pragmatus AV, LLC v. Facebook, Inc.*,
  No. 11-CV-00494-EJD, 2011 WL 4635512 (N.D. Cal. Oct. 5, 2011) .......................... 6, 8, 11

*Pragmatus AV, LLC v. Facebook, Inc.*,
  No. 11-CV-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .......................... 6, 7, 9

*Rembrandt Gaming Technologies, LP v. Boyd Gaming Corp.*,
  No. 2:12-cv-00775-MMD-GWF, 2012 WL 6021339 (D. Nev. Dec. 3, 2012) ........................ 6

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
  No. SACV 12-21-JST, 2012 WL 7170593 (C.D. Cal. Dec. 19, 2012) ........................... 7, 9, 10

*Software Rights Archive, LLC v. Facebook, Inc. et al.*,
  Nos. C-12-3970 RMW, -3971, -3972, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ........ 7, 9

*Star Envirotech, Inc. v. Redline Detection, LLC*,
  No. SACV 12-01861-JGB(MLGx), 2013 WL 1716068 (C.D. Cal. Apr. 3, 2013)............. 7, 10

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
  No. C-94-20775 RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) ................................ 8

*Tierravision, Inc. v. Google, Inc.*,
  No. 11cv2170 DMS (BGS), 2012 WL 559993 (S.D. Cal. Feb. 21, 2012) ............................. 10

*Tse v. Apple Inc.*,
  Case No. C 06-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ....................... 6, 7, 8

*Wireless Recognition Tech. v. A9.com Inc.*,
  Nos. 12-cv-01217-EJD, -1218, -1220, 2012 WL 4005459 (N.D. Cal. Sept. 11, 2012)............ 7

*Yodlee, Inc. v. Ablaise Ltd.*,
  No.s C-06-07222 SBA, -2451, -1995, 2009 WL 112857 (N.D. Cal. Jan. 16, 2009) ............ 6, 8

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................................................ 2

35 U.S.C. § 6 ................................................................................................................................... 3

35 U.S.C. § 102 ............................................................................................................................... 3

35 U.S.C. § 311 ............................................................................................................................... 3

# TABLE OF AUTHORITIES
## (continued)

**Page**

35 U.S.C. § 311(b) ............................................................................................................................ 3

35 U.S.C. § 313 ................................................................................................................................ 3

35 U.S.C. § 314 ................................................................................................................................ 3

35 U.S.C. § 314(a) ........................................................................................................................... 3

35 U.S.C. § 316(a) ........................................................................................................................... 3

35 U.S.C. § 316(a)(11) ..................................................................................................................... 4

**OTHER AUTHORITIES**

37 C.F.R. § 42.51 ............................................................................................................................. 3

37 C.F.R. § 42.53 ............................................................................................................................. 3

77 Fed. Reg. 48,680, 48,725, 48,721 (Aug. 14, 2012) ..................................................................... 4

H.R. Rep. No. 112-98 ...................................................................................................................... 3

COOLEY LLP
ATTORNEYS AT LAW

iv.

**MOTION TO STAY PENDING IPR**
**CASE NO. 5:13-CV-4206-EJD**

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | PLEASE TAKE NOTICE that on March 7, 2014, at 9:00 a.m., Defendant Millennial |
| 3 | Media, Inc. ("Millennial") will, and hereby does, move to stay this action pending *inter partes* |
| 4 | review of U.S. Patent Nos. 7,010,536 (the "'536 Patent") and 7,702,682 (the "'682 Patent") (the |
| 5 | "Asserted Patents") at the United States Patent & Trademark Office.  This motion is based on this |
| 6 | Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the |
| 7 | declaration of Stephen P. McBride in support of this motion with accompanying exhibits, and the |
| 8 | proposed order submitted herewith, all papers and pleadings on file in this action, such other |
| 9 | evidence and argument as may be presented at or before any hearing on the motion and all |
| 10 | matters of which the Court may take judicial notice. |
| 11 | The Court previously granted the Parties' stipulation to continue the Initial Case |
| 12 | Management Conference until March 7, 2014 at 10:00 a.m., the same morning as the hearing on |
| 13 | Millennial's motion to stay.  (ECF No. 112).  Should the Court determine oral argument is not |
| 14 | necessary on this motion, Millennial respectfully requests that the Court continue the Initial Case |
| 15 | Management Conference until after the motion has been decided. |
| 16 | **STATEMENT OF REQUESTED RELIEF** |
| 17 | Millennial respectfully requests that the Court stay this action pending final resolution of |
| 18 | the *inter partes* reviews of the Asserted Patents. |
| 19 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 20 | **I.   INTRODUCTION** |
| 21 | This case should be stayed because eight petitions for *inter partes* review ("IPR") are |
| 22 | currently pending before the Patent and Trademark Office ("PTO") challenging the validity of |
| 23 | every claim of the Asserted Patents.  These petitions cite prior art not previously identified in the |
| 24 | initial patent prosecutions and demonstrate that each claim in the Asserted Patents is invalid. |
| 25 | This District has long promoted a liberal policy in favor of staying patent litigation while |
| 26 | parallel invalidity proceedings are ongoing in the PTO.  The policy, which was developed in the |
| 27 | context of patent reexamination proceedings, applies with even greater force here in the context |
| 28 | of IPR.  Compared with patent reexamination and even litigation, IPR is a quick procedure.  The |

PTO must grant or deny a petition for IPR within six months, and must generally complete the IPR within one year thereafter. A stay in this case is appropriate under all of the factors courts consider when staying litigation pending PTO proceedings.

Indeed, six other cases filed by Plaintiff Evolutionary Intelligence ("Evolutionary") co-pending in this District have already been stayed under the exact same facts present here.[1] In order to avoid the unnecessary burden and expense to the parties and the Court of litigating another similar motion, Millennial asked whether Evolutionary would stipulate to stay this case at least until the PTO has decided the pending requests for *inter partes* review. Evolutionary refused Millennial's request, thus necessitating this motion.

## II. STATEMENT OF ISSUES TO BE DECIDED

Should this action be stayed, in order to conserve judicial and party resources, pending the final resolution of the *inter partes* reviews of the Asserted Patents?

## III. BACKGROUND

### A. Evolutionary's Lawsuit Against Millennial

On October 17, 2012, Evolutionary, a non-practicing entity based in San Francisco, filed suit against Millennial in the Eastern District of Texas, alleging infringement of the Asserted Patents. (EDTX ECF No. 1.)[2] Millennial filed its Answer on December 17, 2012 and a few days later moved to transfer venue to this District under 28 U.S.C. § 1404(a). (EDTX ECF Nos. 9, 13.) In response to Millennial's motion to transfer, Evolutionary sought multiple extensions to the briefing schedule so that it could first take venue discovery. (*See* EDTX ECF Nos. 15, 19, 22, 24.) Evolutionary's repeated requests delayed the decision on Millennial's motion to transfer until August 27, 2013, when the Texas court granted Millennial's motion and ordered the case

---

[1] The cases that have been stayed are *Evolutionary Intelligence v. Yelp Inc.*, Case No. 4-13-cv-03587-DMR, Dkt. No. 108; *Evolutionary Intelligence v. Apple, Inc.*, Case No. 3-13-cv-04201-WHA, Dkt. No. 123; *Evolutionary Intelligence v. Foursquare Labs, Inc.*, Case No. 3-13-cv-04203-MMC, Dkt. No 99; *Evolutionary Intelligence v. LivingSocial, Inc.*, Case No. 3-13-cv-04205-WHO, Dkt. No. 96; *Evolutionary Intelligence v. Facebook, Inc.*, Case No. 3-13-cv-04202-SI, Dkt. No. 148; and *Evolutionary Intelligence v. Groupon, Inc.*, Case No. 3-13-cv-04204-SI, Dkt. No. 104. A similar motion to stay has been fully briefed at *Evolutionary Intelligence v. Twitter, Inc.*, Case No. 3-13-cv-04207-JSW, Dkt. Nos. 95, 100, 105.

[2] ECF citations preceded by "EDTX" are to docket entries in this case filed before Judge Leonard Davis (later reassigned to Judge Michael H. Schneider) in the Eastern District of Texas (Case No. 6:12-cv-00790-MHS-CMC) prior to transfer. All other ECF citations are to the docket entries for this case in the Northern District of California.

1  transferred to this Court. (EDTX ECF No. 88.) Following transfer, this Court scheduled an Initial Case Management Conference for January 17, 2014. (ECF No. 106.) The Court later granted the Parties' stipulation to reschedule the conference to March 7, 2014, the same morning as the hearing on this motion. (ECF No. 112.)

To date, the only discovery that has taken place in this litigation consists of venue discovery related to Millennial's transfer motion and one set of interrogatories served by Evolutionary and answered by Millennial. In addition, Evolutionary has served Infringement Contentions, which admit that Evolutionary does not practice the Asserted Patents. (McBride Decl. Ex. 1 at 7.)[3]

### B. Overview of IPR Proceedings

One purpose of the America Invents Act ("AIA") was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." H.R. Rep. No. 112-98 (part 1), at 40 (2011). One of the ways Congress sought to streamline the patent system was with a new proceeding called *inter partes* review or "IPR," which allows expeditious review by the PTO of patents of questionable validity. IPR allows a full adversarial challenge—including an oral hearing and discovery—regarding the validity of the patents under 35 U.S.C. §§ 102 and/or 103 based on prior art patents and printed publications. 35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53. The statute established the Patent Trial and Appeal Board ("PTAB"), and each IPR is conducted before a panel of three technically trained patent judges of the PTAB. 35 U.S.C. §§ 6, 311.

The first step in the IPR is when the challenger files a written petition seeking such review. The patent owner may then file a preliminary response, but must do so within three months. 35 U.S.C. § 313. The PTAB then determines whether to initiate IPR based on whether the petitioner has shown "a reasonable likelihood that the petitioner will prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). The PTAB must make this decision within six months of the petition. 35 U.S.C. § 314. If IPR is initiated, the PTAB must issue a final determination within one year, which may be extended up to six months for good

---

[3] Unless otherwise indicated, all Exhibits are attached to the McBride Declaration.

cause shown. 35 U.S.C. § 316(a)(11). Given its strict timing requirements, IPR is designed to (a) reduce to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months (77 Fed. Reg. 48,680, 48,725, 48,721 (Aug. 14, 2012) (codified at 37 C.F.R. §§ 42.100 et seq.)); and (b) "minimize duplication of efforts … [through] more coordination between district court infringement litigation and inter partes review …" (*id*. at 48,721).

### C. The Asserted Patents and Pending IPRs

The Asserted Patents are directed to managing and manipulating data based on historical interactions, time, or three-dimensional space. *See, e.g.*, Ex. 2, '536 patent, Abstract, Claims 1 & 2; Ex. 3, '682 patent, Abstract, 6:10-19, Claim 1. On October 22 and 23, 2013, defendants from several other Evolutionary litigations filed eight petitions for IPR, collectively challenging the validity of each and every claim in the Asserted Patents.[4] (Ex. 4.) All eight of these petitions were filed within the statutorily mandated time period. Evolutionary filed preliminary responses to each of these petitions on January 28, 29, and 30, 2014. The chart below summarizes the pending IPR petitions:

| Patent | Challenged Claims | Date of Filing | Challenger | Case No. |
|---|---|---|---|---|
| '536 Patent | 15 and 16 | October 23, 2013 | Facebook | IPR2014-00093 |
| '536 Patent | 1-16 (all claims) | October 23, 2013 | Yelp and Twitter | IPR2014-00092 |
| '536 Patent | 1, 3-15 | October 22, 2013 | Apple | IPR2014-00083 |
| '536 Patent | 1, 3-15 | October 22, 2013 | Apple | IPR2014-00082 |
| '536 Patent | 2-14 and 16 | October 23, 2013 | Apple | IPR2014-00085 |
| '536 Patent | 2-14 and 16 | October 22, 2013 | Apple | IPR2014-00086 |
| '682 Patent | 1-23 (all claims) | October 22, 2013 | Apple | IPR2014-00079 |
| '682 Patent | 1-23 (all claims) | October 23, 2013 | Apple | IPR2014-00080 |

(Ex. 4.)

---

[4] Millennial did not file any of these IPRs. Evolutionary has asserted Claims 1-16 of the '536 patent and Claims 1, 3-7, 10, 11, 14-22 of the '682 patent against Millennial.

### D. Stays of Co-pending Evolutionary Litigation

This action is one of nine cases co-pending in this District where Evolutionary is alleging infringement of the '536 and '682 patents. The following chart summarizes the status of these cases:

| Case | Motion to Stay filed? | Status |
|---|---|---|
| *Evolutionary Intelligence v. Yelp*, Case No. 4-13-cv-03587-DMR | Yes | Stayed pending resolution of the IPRs.  Opinion attached as Ex. 5 and available at 2013 U.S. Dist. LEXIS 178547. |
| *Evolutionary Intelligence v. Apple*, Case No. 3-13-cv-04201-WHA | Yes | Stayed pending PTO's decision whether to institute the IPRs.  Opinion attached as Ex. 6 and available at 2014 U.S. Dist. LEXIS 2763. |
| *Evolutionary Intelligence v. Foursquare Labs*, Case No. 3-13-cv-04203-MMC | Yes | Stayed pending resolution of the IPRs.  Opinion attached as Ex. 7. |
| *Evolutionary Intelligence v. LivingSocial*, Case No. 3-13-cv-04205-WHO | Yes | Stayed pending resolution of the IPRs.  Opinion attached as Ex. 8 and available at 2014 U.S. Dist. LEXIS 6804. |
| *Evolutionary Intelligence v. Facebook*, Case No. 3-13-cv-04202-SI | Yes | Stayed pending resolution of IPRs.  Opinion attached as Ex. 9 and available at 2014 U.S. Dist. LEXIS 9149. |
| *Evolutionary Intelligence v. Groupon*, Case No. 3-13-cv-04204-SI | Yes | Stayed pending resolution of IPRs.  Opinion attached as Ex. 9 and available at 2014 U.S. Dist. LEXIS 9149. |
| *Evolutionary Intelligence v. Millennial Media*, Case No. 5-13-cv-04206-EJD | Yes | Motion to stay pending; hearing date set for 3/7/2014. |
| *Evolutionary Intelligence v. Twitter*, Case No. 3-13-cv-04207-JSW | Yes | Motion to stay pending; hearing date set for 3/7/2014. |
| *Evolutionary Intelligence v. Sprint Nextel et al.*, Case No. 5-13-cv-04513-RMW | No | No activity since transfer from Texas. |

In *every* Evolutionary case where the Court has decided the defendant's motion to stay, it has granted the stay. In five of the cases (*Yelp*, *Foursquare*, *LivingSocial*, *Facebook* and

*Groupon*), the Court has granted a stay pending final resolution of the requested IPRs. Exs. 5, 7, 8, 9. In the *Apple* litigation, the Court granted a stay until the PTO decides whether to initiate the IPRs, at which point the Court will evaluate whether to continue the stay. Ex. 6 at 6-7.

## IV.  LEGAL STANDARD

Courts in this District have long recognized "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051 EJD, 2012 WL1232187, at *2 (N.D. Cal. Apr. 12, 2012) (Davila, J.) (quoting *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)).[5] Courts consider three factors in determining whether to grant a stay pending PTO review of an issued patent: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-00494-EJD, 2011 WL 4635512, at *2 (N.D. Cal. Oct. 5, 2011) (Davila, J.) (internal quotations and citation omitted); *see also Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011) (Davila, J.).

"Courts need not expend unnecessary judicial resources by attempting to resolve claims which may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of [PTO] officers." *Rembrandt Gaming Techs., LP v. Boyd Gaming Corp.*, No. 2:12-cv-00775-MMD-GWF, 2012 WL 6021339, at *1 (D. Nev. Dec. 3, 2012) (internal quotations and citation omitted). Thus, a stay is "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Convergence Techs.*, 2012 WL 1232187, at *1 (quoting *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005)); *see also, e.g., Droplets, Inc. v. Yahoo! Inc.*, Nos. 12-cv-03733-JST, -04049, 2013 WL 5116002, at *1 (N.D. Cal. Sept. 13, 2013)

---

[5] *See also Yodlee, Inc. v. Ablaise Ltd.*, Nos. C-06-07222 SBA, -2451, -1995, 2009 WL 112857, at *2 (N.D. Cal. Jan. 16, 2009); *Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *1 (N.D. Cal. Oct. 4, 2007); *Photoflex Prods., Inc. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 WL 1440363, at *1 (N.D. Cal. May 24, 2006).

(granting stay pending *inter partes* reexamination and noting that "final determination of the USPTO is quite likely to simplify issues").

Although IPR is a relatively new procedure, district courts within the Ninth Circuit have repeatedly affirmed that the "liberal [stay] policy" applies with full force to IPR proceedings. *See, e.g., Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12-01861-JGB(MLGx), 2013 WL 1716068, at *2 (C.D. Cal. Apr. 3, 2013) (after noting the liberal policy in favor of granting stays adopted by the N.D. Cal. in *ASCII*, the court granted a stay pending petition for IPR and emphasized that "the amended standards for granting inter partes review probably results in an even higher likelihood than under the prior standard that the issues in the action will be simplified by the reexamination") (internal quotations and citation omitted); *accord Software Rights Archive, LLC v. Facebook, Inc. et al.*, Nos. C-12-3970 RMW, -3971, -3972, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *4 (C.D. Cal. Dec. 19, 2012).

**V.   ARGUMENT**

    **A.   The Stage of This Case Favors a Stay**

The first element of the stay analysis focuses "on the stage of litigation proceedings, not the length of time that has passed since the filing of the case." *Wireless Recognition Tech. v. A9.com Inc.*, Nos. 12-cv-01217-EJD, -1218, -1220, 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012) (Davila, J.). "A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery." *Internet Patents Corp. v. eBags, Inc.*, Case No. C 12-03385 SBA, 2013 U.S. Dist. LEXIS 122868, at *6-7 (N.D. Cal. Aug. 28, 2013) (quoting *Tse v. Apple Inc.*, Case No. C 06-06573 SBA, 2007 WL 2904279, at *2-3 (N.D. Cal. Oct. 4, 2007)).

As discussed above, this case is in its very early stages. Only limited discovery has taken place, most of which was related to Millennial's transfer motion. Neither side has yet taken any depositions. There is no schedule in place, and the initial case management conference is not until March 7, 2014. Courts in this District "strongly favor" granting stays pending the outcome of PTO proceedings when—as here—there has been no material progress in the litigation. *Pragmatus*, 2011 WL 4802958, at *3. This Court has repeatedly granted stays pending

completion of proceedings at the PTO under similar circumstances—including in each of the co-pending Evolutionary litigations where the Court has decided the issue. *See, e.g., Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. 3-13-cv-04202-SI, -4204, 2014 U.S. Dist. LEXIS 9149, at *5-6 (N.D. Cal Jan. 23, 2014) (quoting *Pragmatus* and holding that the early stage of litigation weighs in favor of a stay).[6]

Indeed, stays are often granted in circumstances where the litigation is much more advanced than here. For example, although the *Convergence Technologies* case had been pending for more than two years, the parties had engaged in discovery, and had already filed claim construction briefs, this Court concluded that the case had "not reached the 'point of no return' for which a stay would [be] inappropriate." 2012 WL 1232187, at *4; *see also AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1052 (N.D. Cal. 2011) (concluding that the stage-of-the-proceedings factor weighed in favor of a stay even where the parties had filed claim construction briefs but had not exchanged expert reports or taken any depositions). Similarly, a stay was granted in *Yodlee* where a *Markman* hearing had already been held and the claim construction had already issued in a concurrent case on the identical patent claims. 2009 WL 112857, at *1-2, *6-7. Accordingly, the early stage of this litigation weighs heavily in favor of a stay.

### B. *Inter Partes* Review Will Simplify the Issues for Trial

Resolution of the eight pending IPR petitions will streamline this litigation and, in fact, may entirely eliminate it. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995); *accord Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); s*ee also Fresenius*

---

[6] *See also Internet Patents Corp.*, 2013 U.S. Dist. LEXIS 122868, at *6-7; *Tse*, 2007 WL 2904279, at *2-3 ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."); *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at *2 (N.D. Cal. Mar. 16, 2006) (granting stay where discovery had just begun); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); *ASCII*, 844 F. Supp. at 1381 (granting stay where the parties had undertaken little or no discovery).

1  *USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.").

Here, IPR has been sought for all the claims of the Asserted Patents. Therefore, if the PTO initiates the IPRs, there is a chance that the review could eliminate the case by rendering all of Evolutionary's claims for infringement moot. *See Fresenius*, 721 F.3d at 1340. Even if one or more claims survive, the IPRs will narrow the issues in any future litigation. *See Pragmatus*, 2011 WL 4802958, at *3 (staying action prior to grant of *inter partes* reexamination in part because defendant's petition implicated all claims in the litigation). Moreover, the IPRs will likely provide intrinsic evidence that will need to be considered to properly reach the merits of this case. Thus, the IPRs will eliminate trial of claims that are canceled and, in the unlikely event any claim survives, facilitate trial of that claim by giving the Court the benefit of the expert view of the PTO. *See Semiconductor Energy*, 2012 WL 7170593, at *2.

Recent PTO statistics further support a stay. Through August 2013, 87% of petitions for *inter partes* review have been granted.[7] Additionally, in the prior reexamination context, 42% of reexaminations resulted in claims that were cancelled or disclaimed in their entirety (Ex. 11), which if it occurred here, would effectively eliminate the need for this litigation. Judge Whyte likewise recently noted:

> Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ("reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" as opposed to "substantial new question of patentability") gives at least some promise that certain challenged claims will be struck down or amended if the PTO grants the petitions. In addition, the limited statistics available to the court do indicate a likelihood that the PTO will grant the IPR petitions, at least with respect to some of the asserted claims.

*Software Rights Archive*, 2013 WL 5225522, at *5.

In fact, every judge in this District that has decided a motion to stay in one of the Evolutionary litigations has agreed that the pending IPRs are likely to simplify the issues for trial.

---
[7] *See* http://www.alston.com/advisories/inter-partes-review/. (Ex. 10.)

1 *See, e.g., Evolutionary Intelligence, LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 U.S. Dist. LEXIS 178547, at *23 (N.D. Cal. Dec. 18, 2013) ("Here, if the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified."). Because the IPRs will simplify issues in this litigation, while proceeding without a stay will likely waste significant time and resources, this factor strongly weighs in favor of a stay.

### C. A Stay Will Not Unduly Prejudice Evolutionary

Evolutionary will not be unduly prejudiced by a stay, due to the rapid statutory schedule for IPRs and the nature of Evolutionary's business and claims. The "delay inherent in the [old] reexamination process does not constitute, by itself, undue prejudice" (*ESCO Corp. v. Berkeley Forge & Tool, Inc.*, No. 09-1635 SBA, 2009 U.S. Dist. LEXIS 94017, at *10 (N.D. Cal. Sept. 28, 2009)), and the "delay caused by the new [*inter partes* review] procedure is significantly less than the delay caused by the old [reexamination] procedure." *Semiconductor Energy*, 2012 WL 7170593, at *3; *accord Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 U.S. Dist. LEXIS 9149, at *5.

Further, Evolutionary will not be any more prejudiced by delay than any other plaintiff whose patent infringement claim is stayed pending an IPR petition. *See Star Envirotech*, 2013 WL 1716068, at *2 (plaintiff provided no other justification other than it "needs to diligently enforce its patent rights to have a legitimate chance of success in the marketplace"; the court held that "IPR is a procedure that aids in that enforcement of patent rights while streamlining the issues in need of litigation") (citation omitted). Especially given the quick schedule for IPRs, "the mere fact and length of any delay … does not demonstrate prejudice sufficient to deny [a] request for a stay." *Semiconductor Energy*, 2012 WL 7170593, at *3 (quoting *Tierravision, Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 WL 559993, at *3 (S.D. Cal. Feb. 21, 2012)).

Moreover, Evolutionary will not be prejudiced because it has no reasonable basis for seeking anything other than monetary damages. Evolutionary has not alleged that it competes directly with Millennial, nor has Evolutionary sought a preliminary injunction. Indeed,

1  Evolutionary has admitted that it does not practice the Asserted Patents. (Ex. 1 at 7.) Thus, no
2  prejudice will flow to Evolutionary from a stay. *See Neste Oil OYJ v. Dynamic Fuels, LLC, et al.*,
3  Case No. 1:12-cv-01744-GMS, 2013 WL 3353984, at *4-5 (D. Del. July 2, 2013) (granting
4  motion to stay pending *inter partes* reexamination and finding no prejudice because patent owner
5  had not sought a preliminary injunction and was not a direct competitor); *Convergence Techs.*,
6  2012 WL 1232187, at *2-3 (granting motion to stay, in part, because plaintiff did not practice the
7  asserted patent and was not in direct competition with defendant). Delaying monetary relief, if
8  any, is simply not prejudicial. *See, e.g., Evolutionary Intelligence, LLC v. Yelp, Inc.,* 2013 U.S.
9  Dist. LEXIS 178547, at *25 ("[C]ourts have consistently found that a patent licensor cannot be
10 prejudiced by a stay because monetary damages provide adequate redress for infringement.")
11 (quoting *Pragmatus,* 2011 U.S. Dist. LEXIS 117147, at *3); *Broad. Innovation, LLC v. Charter*
12 *Commc'ns, Inc.*, Civ. A. No. 03-cv-2223-ABJ-BNB, 2006 U.S. Dist. LEXIS 46623, at *33-34 (D.
13 Colo. July 11, 2006) ("this factor weighs in favor [of] staying the case because monetary relief …
14 is fully capable of restoring Plaintiffs to the status quo ante").

## VI. CONCLUSION

Because all three factors considered in determining whether to stay litigation pending *inter partes* review weigh in favor of a stay, Millennial respectfully requests that the Court stay this action pending final resolution of the IPRs of the Asserted Patents.

Dated: January 31, 2014

COOLEY LLP

By: /s/Nathan K. Cummings
Matthew J. Brigham
COOLEY LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone: (650) 843-5000
Fax: (650) 857-0663
mbrigham@cooley.com

Christopher C. Campbell (*pro hac vice*)
Nathan K. Cummings (*pro hac vice*)
COOLEY LLP
One Freedom Square – Reston Town Center

11951 Freedom Drive
Reston, Virginia 20190-5656
Tel:  703 456-8000
Fax:  703 456-8100
ccampbell@cooley.com
ncummings@cooley.com

ATTORNEYS FOR DEFENDANT
MILLENNIAL MEDIA, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5-5(a)(1) on January 31, 2014.

*/s/ Nathan K. Cummings*